**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61281-CIV-DAMIAN**

**MARLON GUSTAVO ZAPATA AROSTEGUI,**

      Petitioner,

v.

**WARDEN, BROWARD TRANSITIONAL**
**CENTER,** *et al.*,

      Respondent.

_____/

## ORDER TRANSFERRING CASE

THIS CAUSE is before the Court on Petitioner, Marlon Gustavo Zapata Arostegui's ("Petitioner"), Petition For Writ of *Habeas Corpus* Under 28 U.S.C. § 2241 (the "Petition") [ECF No. 1], filed April 29, 2026. Respondent filed a Response to this Court's Order to Show Cause on May 14, 2026. [ECF No. 6 ("Response")], and Petitioner filed a Reply on May 18, 2026. [ECF No. 7 ("Reply")].

THE COURT has considered the Petition, the Response and Reply, the pertinent portions of the record, and relevant authorities and is otherwise fully advised. As set forth below, this Court finds a transfer of the Petition to the United States District Court for the Southern District of California is warranted.

Petitioner challenges his continued detention by immigration officials and requests his immediate release or, in the alternative, an individualized bond hearing before an immigration judge. *See* Pet. ¶ 7. In the Petition, Petitioner indicates that he is confined at the "Broward Transitional Center, located at 3900 North Powerline Road, Pompano Beach, Florida, which lies within this District." *Id.* ¶ 11. In the Response, filed on May 14, 2026,

approximately two weeks after the Petition was filed, Respondent indicates that Petitioner was transferred to the Imperial Regional Detention Facility, in Calexico, California. *See* Resp. at 3; *see also* Declaration of Deportation Officer Miguel A. Cotto [ECF No. 6-2]; [ECF No. 6-3 (Detention History)].

Respondent does not dispute that because Petitioner was detained at the Broward Transitional Center at the time of filing of the Petition on April 29, 2026, and Petitioner's immediate custodian, the Warden of Broward Transitional Center, was in the Southern District of Florida, this Court has jurisdiction over the Petition. Resp. at 3. Nonetheless, Respondent states that transfer of this proceeding to the Southern District of California "is permissible." *Id.* at 4 (citations omitted). Respondent further provides that "there is an appropriate respondent in the Southern District of California" to effectuate Petitioner's release. *Id.* In his Reply, Petitioner argues that a venue transfer would "incentivize strategic relocation of detained petitioners after filing." Reply at 9. Petitioner requests that the Court retain jurisdiction and decide the Petition on the merits.

The applicable habeas statute, 28 U.S.C. § 2241, permits courts to grant writs of *habeas corpus* "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted the "within their respective jurisdiction language to mean that a Section 2441 petitioner challenging his present physical custody must file a petition for writ of habeas corpus in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004). This same rule applies even for petitions filed by immigration detainees, where "jurisdiction lies in only one district: the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citing *Padilla*, 542 U.S. at 443); *see also M.C.C. v. Warden, Stewart Detention Ctr.*, No. 26-cv-120-CFL, 2026 WL 261467, at *1 (M.D. Ga. Jan. 30, 2026) (transferring immigration habeas

petition to Southern District of Georgia because the petitioner was detained at an ICE processing center located in the Southern District of Georgia).

After reviewing the record and the parties' briefings, this Court concludes that transfer serves the interests of justice, as the Petitioner is located in the Southern District of California, the Southern District of California may determine whether Petitioner's claims are meritorious, and an appropriate Respondent exists in that District. *See Gardner v. United States*, No. 23-CV-10077, 2023 WL 9316848, at *2 (N.D. Fla. Oct. 25, 2023) (listing cases in which courts "have recognized where a [28 U.S.C.] § 2241 petitioner has been redesignated to a prison facility in another jurisdiction, a court may transfer the petition to the jurisdiction in which the petitioner is being held"), *report and recommendation adopted*, 2024 WL 200899 (N.D. Fla. Jan. 18, 2024); *see also Vasquez Vega v. U.S. Att'y Gen.*, No. 25-cv-61632-RAR, ECF No. 14 (S.D. Fla. Jan. 22, 2026) (transferring petition in the interest of justice to the Southern District of Texas where Petitioner was relocated from Broward Transitional Center).

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that this case is **TRANSFERRED** to the Southern District of California. All pending motions, if any, are **DENIED AS MOOT**. Upon transfer, the Clerk shall **CLOSE** this case in this District.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 26th day of May, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3